**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| HECTOR LOPEZ, | § | |
|    TDCJ-CID #1616320, | § | |
| | § | |
| VS. | § | CASE NO. 2:11-cv-060 |
| | § | |
| NURSE JANE DOE, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER RETAINING CASE**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims against defendants in their individual capacities are retained, and service shall be ordered on defendants. To the

extent plaintiff is suing any defendant in his or her official capacity for money damages, those claims are dismissed as barred by the Eleventh Amendment.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff (D.E. 7), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment.  See 28 U.S.C. § 636(c).

## II.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Dominguez Unit in San Antonio, Texas.  Plaintiff filed his original complaint on March 4, 2011, challenging as unconstitutional the confiscation of his prosthetic leg by individuals at the Garza Transfer Facility and his medical treatment thereafter at the Dominguez Unit.  (D.E. 1).  Plaintiff named as defendants two Garza Unit defendants: Nurse Jane Doe and Correctional Officer John Doe; and two Dominguez Unit defendants: Classification Chairperson Winkler and Warden Balli.  By separate order, plaintiff's claims against the Dominguez Unit defendants were severed and transferred.

On May 11, 2011, a <u>Spears</u>[1] hearing was held.  The following allegations were made in plaintiff's original complaint (D.E. 1), or at the hearing, concerning the Garza Unit defendants:

Plaintiff has been wearing a prosthetic leg for the last 9 years following an accident with a freight train.

In 2009, plaintiff was arrested and held in the Harris County Jail for 7 months.  During that time, plaintiff was permitted to keep his prosthetic leg.  He was sentenced to 5 years in the TDCJ.

On January 21, 2010, plaintiff was transferred from the Harris County Jail to the Garza West Unit.  Upon his arrival at the Garza Unit, he had a thorough medical screening to determine if he had any special medical needs or issues.  Nurse Jane Doe asked plaintiff several questions concerning his medical history, including whether he had any scars or tattoos.  In response, plaintiff showed her a multitude of scars that developed following various operations he endured after he was  "mangled by a freight train." He then told Nurse Doe that he needed a chair in the shower and a bottom bunk pass because he had a prosthetic leg.  Nurse Doe told him that he could not have the prosthetic leg in his possession because it could be used as a weapon, and she ordered plaintiff to give her the prosthesis.  Plaintiff related that he had possessed his prosthetic leg while in the Harris County Jail without

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985); <u>see also</u> <u>Eason v. Holt</u>, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a <u>Spears</u> hearing is incorporated into the pleadings).

incident, and that he needed his leg to walk.  Plaintiff then asked to speak to a supervisor, and Nurse Doe refused.  Nurse Doe summoned Officer John Doe, and plaintiff tried to explain to him that his prosthetic leg was a necessity.  Officer John Doe threatened plaintiff with a disciplinary action and chemical agents, so plaintiff turned over his prosthesis.  Nurse Doe then gave plaintiff a set of crutches.[2]  Plaintiff's prosthetic leg was sent to his family.

Plaintiff remained at the Garza Unit for approximately two weeks, and he was then transferred to the Dominguez Unit in San Antonio.

In January 2011, plaintiff was transported to the Jester-3 Unit to retrieve his prosthetic leg.  Plaintiff now has many problems with his prosthetic leg due to the length of time he was without it.  Before it was confiscated, plaintiff would wear the prosthesis during the day, and at night, he would remove it and place a "shrinker" on his stump to maintain its proper size and shape.  Plaintiff's prosthetic leg no longer fits properly, causing him to suffer abrasions, abscesses, and pain while walking.  He seeks monetary damages for the pain and suffering he has experienced as a result of defendants' alleged constitutional violations.

## III.   DISCUSSION

### A.    Legal standard.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487

---

[2] Plaintiff questioned Nurse Doe as to the distinction between crutches versus a prosthetic leg as a weapon, but she did not respond.

4

U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

   **B.    Eighth Amendment.**

   Plaintiff claims that Nurse Jane Doe and Officer John Doe were deliberately indifferent to his health and safety when they confiscated his prosthetic leg.

   The Eighth Amendment prohibits cruel and unusual punishment.  Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 8-10 (1992); Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

   In order to state an Eighth Amendment claim alleging deliberate to health and safety, a plaintiff must establish that the defendant acted with "deliberate indifference." Farmer, 511 U.S. at 837.  Deliberate indifference encompasses more than mere negligence on the part of prison officials.  Id.  It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act.  Id.  Furthermore, negligent medical

5

care does not constitute a valid § 1983 claim.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim").  "Deliberate indifference is an "extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

For purposes of § 1915A screening, plaintiff has adequately stated claims of deliberate indifference to his serious medical needs against Nurse Jane Doe and Officer John Doe. Both defendants were clearly aware of plaintiff's use of a prosthetic leg as he voluntarily told Nurse Jane Doe that he used a prosthesis.  He also advised the defendants that he had been in possession of his leg while confined in state jail with no incident.  Moreover, he had been transported to the Garza Unit with his prosthetic leg.  In taking plaintiff's  prosthetic leg without further inquiry sufficiently states that defendants were aware of a serious risk to plaintiff's health and safety, that being, he needed a prosthetic leg to walk, and then ignored that risk when they took his prosthesis.   Accordingly, plaintiff's claim of deliberate indifference against Nurse Jane Doe and Officer John Doe is retained, and service shall be ordered on these individuals.

### C.      Official capacity claims.

Plaintiff did not specify whether he is suing defendants in both their individual and official capacities, so it is assumed that he is attempting to sue them in both.

A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents.  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  The

6

Eleventh Amendment bars a suit for money damages against a state or state agency. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  The Fifth Circuit has consistently held that the Eleventh Amendment precludes awards of money damages against persons sued in their official capacities.  Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) (citing Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998); Augilar v. TDCJ, 160 F.3d 1052, 1054 (5th Cir. 1998)).    Thus, to the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment, and are therefore, dismissed.

## IV.    CONCLUSION

For the reasons stated herein, plaintiff's Eighth Amendment claims against Nurse Jane Doe and Officer John Doe in their individual capacities are retained, and service will be ordered on these defendants.  To the extent plaintiff is suing defendants in their official capacities, those claims are dismissed as barred by the Eleventh Amendment.

ORDERED this 12th day of May, 2011.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

7