IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HECTOR LOPEZ, | § | |
|    TDCJ-CID #1616320, | § | |
| | § | |
| VS. | § | CASE NO. 2:11-cv-060 |
| | § | |
| NURSE JANE DOE, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER SEVERING AND TRANSFERRING CERTAIN CLAIMS

Plaintiff, a Texas state prisoner currently incarcerated at the Dominguez Unit in San Antonio, Texas, filed his original complaint on March 4, 2011, alleging Eighth Amendment claims against certain officers and officials employed by the Texas Department of Criminal Justice, Criminal Institutions Division and/or the University of Texas Medical Branch. (D.E. 1). In particular, plaintiff has sued a nurse and a correctional officer at the Garza Transfer Facility in Beeville, Texas, claiming these defendants confiscated his prosthetic leg in deliberate indifference to his health and safety. In addition, plaintiff has named two Dominguez Unit officials as defendants, alleging that they failed to assist him in obtaining the return of his prosthetic leg promptly, refused to transfer him to a more appropriate facility, and in other ways denied him the appropriate care concerning his prosthetic leg and disability.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

Pursuant to the last sentence in Rule 21, the Court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. Wyndham Assoc. v. Bintliff, 398 F.2d 614 (2d Cir.), cert. denied, 393 U.S. 977, (1968). See also Value Line Fund, Inc. v. Marcus, 161 F. Supp. 533 (S.D.N.Y. 1958); Michigan Tool Co. v. Drummond, 33 F. Supp. 540 (D.D.C. 1938); 7 Wright, Miller, & Kane, Federal Practice & Procedure § 1689 (2d ed. 1986).

Here, the adjudication of plaintiff's claims against the defendants located at the Dominguez Unit with those claims against the Garza Unit defendants would be inefficient. Although all of plaintiff's claims involve his prosthesis, his claims against the Garza Unit defendants concern the initial seizure of his prosthetic leg in a transfer facility, while his claims against the Dominguez Unit defendants concern his ongoing medical needs at that unit over time. There is no common issue of fact. Moreover, defendants from the Dominguez Unit would likely raise meritorious personal jurisdiction and venue defenses; at the very least they would be entitled to transfer under 28 U.S.C. § 1404(a) (convenience of parties and witnesses). Severance would serve the ends of justice by promoting the prompt and efficient disposition of the litigation.

Accordingly, plaintiff's claims against the two (2) Dominguez Unit defendants, identified as Ms. Winkler, Classification Chairperson, and Warden Balli, are severed and transferred to the United States District Court for the Western District of Texas, San Antonio

Division, for initial § 1915A screening and all further proceedings. Plaintiff's claims against the two Garza Unit defendants are retained.

ORDERED this 12th day of May, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE